**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**NFOCUS CONSULTING INC.,**

           **Plaintiff,**

   **v.**                           **Civil Action 2:20-cv-5106**
                                      **Judge Michael H. Watson**
                                      **Magistrate Judge Jolson**

**BENJI UHL, et al.,**

           **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Valpak Direct Marketing Systems Inc.'s ("Valpak") Motion to Seal Documents Filed in Support of Opposition to Motion for Preliminary Injunction. (Doc. 45). For the reasons that follow, Valpak's Motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Valpak seeks to seal certain exhibits in support of its Response in Opposition to Plaintiff's Motion for a Preliminary Injunction, including specific deposition transcripts and interrogatory responses. (Doc. 45). The Court has confirmed that Plaintiff does not object to Valpak's request. This matter is now ripe for resolution.

### II. STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.*

(quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305–06 (quotation marks and citation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation marks and citation omitted).

## III. DISCUSSION

Valpak seeks to seal certain excerpts from its corporate deposition that contain both "the witnesses personal cell phone number" (Doc. 45 at 2), as well as "the identities of companies that responded to Valpak's request for proposals [RFPs] in 2017 and information they put in their proposals." (*Id*). Valpak also requests to seal portions of Plaintiff's corporate deposition transcripts that are marked as "Attorneys' Eyes Only" or "Confidential" under the Protective Order. (*Id.* at 2–3). Finally, Valpak requests the sealing of certain excerpts of Plaintiff's Interrogatory Responses, that contain both a complete list of Plaintiff's former clients as well as information regarding the security features placed on Plaintiff's data platforms. (*Id.* at 3). These excerpts, too, were marked by Plaintiff as "Attorneys' Eyes Only" or "Confidential" under the Protective Order. (*Id.*). Each of these requests lends itself to its own analysis, so the Court discusses them accordingly.

### A. Cell Phone Number

Valpak requests that the Court redact an excerpt of its corporate deposition transcript that includes "the witnesses personal cell phone number." (*Id.* at 2). Valpak argues that, "[d]istrict

courts regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information, including phone numbers." (Doc. 43 at 2). The Court agrees. Redacting this personal phone number, rather than sealing "'broad swaths' of the record" is appropriate. *Doe #1 by & through Lee v. Sevier Cty., Tenn.*, No. 3:17-CV-41, 2017 WL 888395, at *2 (E.D. Tenn. Mar. 1, 2017) (quoting *Shane Grp.*, 825 F.3d at 307) (denying motion to seal and directing defendants to file redacted versions of minors' records). This approach is narrowly tailored and balances Valpak's concern of protecting the witness with the public's interest in accessing the record in this case. *See Shane Grp.*, 825 F.3d at 305. Accordingly, Valpak shall redact the personal cell phone number and file the redacted version of the deposition transcript on the public docket within fourteen (14) days of the date of this Opinion and Order.

**B. Identities of Companies that Responded to Defendant's 2017 RFP**

Next, Valpak asks the Court to seal an excerpt of its corporate deposition transcript that includes the identities of, and information relating to, companies that responded to its 2017 RFP. (Doc. 43 at 2). Valpak argues that such a public disclosure "may put the third party at a competitive disadvantage in the market place." (Doc. 45 at 2). Here, the Court disagrees. While, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation," *Shane Grp., Inc.*, 825 F.3d at 305–06 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)), it is unclear on the face of Valpak's Motion how the information in the 2017 RFP puts the privacy interests of these third parties at risk. Valpak has not provided sufficient "reasons and legal citation" to overcome the Court's "strong presumption in favor of openness." *Shane Grp., Inc.*, 825 F.3d at 305–06 (quotation marks and citation omitted).

**C. Deposition Transcripts marked "Attorneys' Eyes Only"**

Valpak further requests the sealing of certain excerpts of the transcript from Plaintiff's corporate deposition that have been marked as "Attorneys' Eyes Only" or "Confidential" under the Protective Order. (*Id.* at 2-3). Again, the Court finds that Valpak has failed to meet the burden

3

imposed by the Sixth Circuit. Simply marking a document, or excerpts of a document, as "Attorney's Eyes Only" or as "Confidential" is not nearly narrowly tailored enough to overcome the substantial burden in favor of "openness." *Shane Grp., Inc.,* 825 F.3d at 305.

Valpak's argument that in making this request they are simply complying with the Protective Order (Doc. 32) also falls flat. Sixth Circuit precedent dictates that such an argument "is plainly insufficient for a court filing to be sealed." *Lipman v. Budish*, 974 F.3d 726 at 754 (denying defendant's motion to seal where "defendant's only argument for sealing Plaintiff's brief is that it contains information derived from a deposition that Defendant designated as confidential under a protective order").

### D. List of Former Clients and Data Security Features

Finally, Valpak requests the sealing of certain excerpts of Plaintiff's Interrogatory Responses, that contain both a complete list of Plaintiff's former clients as well as information regarding the security features placed on Plaintiff's data platforms. (*Id.* at 3). These excerpts, too, were marked by Plaintiff as "Attorneys' Eyes Only" or "Confidential" under the Protective Order (*Id.*). Valpak again contends that in making this request they are simply complying with the Protective Order (Doc. 32). As discussed, this is neither specific enough a reason, nor sufficiently narrowly tailored to serve any privacy interest. *See Lipman v. Budish*, 974 F.3d 726 at 754.

Valpak asserts two reasons why Plaintiff designated these responses as confidential. First, that "disclosing [the former client lists] to [Defendant], its purported competitor, will put [Plaintiff] at a competitive disadvantage in the marketplace." (*See* Doc. 45 at 3). Second, that sealing these excerpts prevents "users of the platform [from] us[ing] the interrogatory responses to work around or undermine the security features." (Doc. 45 at 3). Again, Valpak's assertions, albeit as an attempt to understand Plaintiff's reasoning, are neither specific enough, nor sufficiently narrowly tailored to serve any privacy interest. To overcome its burden the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Shane Grp.*, 825 F.3d at 307-8 (citation and quotations

4

omitted). Neither of these alleged injuries are clearly nor specifically defined.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 45) is **GRANTED in part** and **DENIED in part**. Consistent with this Opinion and Order, Defendant is **DIRECTED** to file the redacted version of the deposition transcript on the public docket within **fourteen (14) days** of the date of this Opinion and Order. If either party wishes to file a more narrowly tailored motion to seal, setting forth basis consistent with this Opinion and Order, they must do so within **fourteen (14) days** of the date of this Opinion and Order.

IT IS SO ORDERED.

Date:   November 19, 2020                                  /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE